UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DARIUS FRANKLIN                                                                NO:
Plaintiff

VERSUS                                                                                    JUDGE:

JOHN DOE,
MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC
                                                                                                    MAGISTRATE JUDGE:

Defendant

*************************************************************************

## COMPLAINT

Now into court, through undersigned counsel, comes Darius Franklin who is of full age and majority and resident of the State of Mississippi, does represent that:

I.

Made defendant, herein, is:

1. **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC,** a domestic corporation authorized to do and doing business in the State of Louisiana with its principle place of business in New Orleans, Louisiana where all corporate safety decisions, including decisions on spot lights and radar are made;

2. **JOHN DOE**, a full age resident of the State of Louisiana;

II.

Petitioner brings this action pursuant to the Jones Act and under General Maritime law. This Honorable Court has jurisdiction over this matter pursuant to 28 USC 1333 and Rule 9H of the Federal Rules of Civil Procedure.

III.

On or about May 4, 2020, Darius Franklin was in the course and scope of his employment as a deckhand aboard the m/v St. Charles, a vessel owned by defendant, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**. Thereafter, John Doe, the Captain of the vessel, ignored the crew's warnings and crashed the m/v St. Charles vessel into an adjacent chemical barge with Darius Franklin's hand smashed and crushed in between the two respective vessels.

IV.

This accident resulted from the joint and several negligence of the defendant, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**, including but not limited to the following respect:

1. Failing to maintain the vessel properly;

2. Failing to properly inspect the vessel;

3. Failing to adhere to basic safety principles;

4. Placing Darius Franklin in an unreasonably dangerous condition which injury was certain to occur;

5. Failing to operate the vessel in a safe and proper manner;

6. Failing to train the crew;

7. Failing to act reasonably and prudent under the circumstances;

8. Any and all other acts of negligence which may appear and be proven at trial in this matter.

V.

As a direct and proximate result of the negligence of the defendants, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, DARIUS FRANKLIN** was injured and sustained the following injuries:

1. Loss of several fingers;
2. Permanent disability of the left hand;
3. Significant loss of function of the left hand;
4. Broken bones in the left hand.

VI.

That as a result of the above negligence, Darius Franklin, suffered the following damages for which he is entitled to recover from the defendants, in solido, in amounts that will be shown through discovery and proven at trial:

> Past, present and future medicine, drugs, hospitalization, medical care, attendant and support care, loss wages, loss of wage earning capacity, pain and suffering, residual disabilities, mental anguish, emotional upset and distress, loss of enjoyment of life, loss of personal services and other psychological sequelae.

Darius Franklin prays for those damages that are just and reasonable under the facts and

circumstances of this case.

VII.

Darius Franklin has sought medical treatment for his injuries and has been unable to continue to perform any employment functions. As such, Darius Franklin requests **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** provide maintenance and cure under the Jones Act.

VIII.

The accident also resulted from the unseaworthiness of the vessel, m/v St. Charles, which was not fit for intended purposes

IX.

At all material times, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** was the owner/operator of the m/v St. Charles vessel and was the employer of the crew.

X.

At the time of the incident, John Doe was employed by **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC.**

WHEREFORE, petitioner, **Darius Franklin**, prays that the defendant, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**, be duly cited and served with a copy of the petition for damages and that after due proceedings are had that there be judgment herein in his favor and against the defendant, **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** jointly, severally and in solido, in an amount sufficient to compensate petitioner for the damages he sustained in addition to legal interest thereon from date of judicial demand until paid, and all costs of these proceedings.

Please serve:

**MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**

through its agent for service of process
 LIGON LAW OFFICE, L.L.C.
12228 WOODVILLE STREET
CLINTON, LA 7072

Respectfully submitted,

_____
Kevin M. Riley (34056)
Michael D. Riley (17116)
3524 Canal Street
New Orleans, LA 70119
Telephone #: (504) 588-1110
Facsimile #: (504) 588-1954
Email: pgkehoejr@kehoejr.com